IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-0062-MJR-SCW |
| | ) |
| ROBERT L. SHEARING, | ) |
| MICHAEL NELSON, | ) |
| DR. TROST, | ) |
| RICHARD HARRINGTON, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and DR. RITZ, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

    A. Introduction

Plaintiff James Munson, an inmate at Menard Correctional Center ("Menard"), filed this complaint on January 21, 2015, alleging that numerous defendants were deliberately indifferent to his serious medical needs, and that Dr. Shearing retaliated against for filing a prior lawsuit by denying medical care (Doc. 1). As narrowed by the Court's threshold review, Plaintiff's complaint states that he cannot tolerate soy, and believes that he has a soy allergy, which he argues causes him several significant health problems (Doc. 6 at 2). Additionally, he claims that his diet at Menard primarily

consists of soy-based foods. Plaintiff states that he has made several requests for allergy tests and a soy-free diet, but that these requests have all been denied.

As a part of his complaint, Plaintiff sought a preliminary injunction, compelling Defendants to provide him with numerous medical tests (including an upper endoscopy, colonoscopy, and MRI scan), as well as the requested soy-free diet (Doc. 7; *see* Doc. 6 at 8-9). The Court directed the Defendants to respond to the motion (Doc. 23). Defendants Shearing, Ritz, Trost, and Wexford (the "Wexford Defendants") noted that the Illinois Department of Corrections ("IDOC") does not generally recognize food sensitivity diets, but that inmates with a documented food sensitivity or allergy can petition the Food Service Administrator and Agency Medical Director for a special diet (Doc. 35 at 2). The Wexford Defendants also noted that while soy allergies are often claimed, actual allergies are rare, and that the Plaintiff, when examined, did not display symptoms of a soy allergy (*Id*. at 3-4). Additionally, the Plaintiff had been advised to avoid soy (*Id*.). Defendants Harrington and Nelson (the "IDOC Defendants") argued that the Plaintiff had not shown the irreparable harm necessary for a preliminary injunction (Doc. 36 at 3).

Based upon the parties' filings, the Honorable Judge Stephen C. Williams, United States Magistrate Judge, directed the Defendants to provide the Plaintiff's medical records (Doc. 39). The Defendants were further directed to provide a basis for why the

Plaintiff had been directed to avoid soy, despite the belief that he did not have an allergy (*Id*.).

Defendants complied with the Court's request by providing a supplemental response (Doc. 42), and the Plaintiff's relevant medical records (Doc. 43). Defendants noted that the Plaintiff had previously been diagnosed with Helicobacter pylori on September 12, 2011, and that he also had noted issues with regard to medications he was taking for other medical issues (Doc. 42 at 2; *see* Doc 43 at 1-2). Defendants argue that these conditions, rather than soy, are likely the cause of the Plaintiff's gastrointestinal issues (Doc. 42 at 2). Defendants also note that Dr. Trost had attempted to refer Plaintiff to an allergist, but that the request was denied (*Id*. at 3). Medical records indicate that the Plaintiff was advised as to the difference between intolerance to soy and an allergy, and was encouraged to avoid soy intake (Doc. 43 at 5). Plaintiff, in his reply, noted that he had previously suffered from Helicobacter pylori, but that his abdominal issues continued after he had been treated (Doc. 45 at 4).

Magistrate Judge Williams conducted a hearing on Plaintiff's motion for preliminary injunction on July 9, 2015. (See Transcript, Doc. 56). At the hearing, Plaintiff stated that it was his belief that soy was causing his health issues, based upon his observations that his symptoms wax and wane depending upon his intake of foods containing soy. He noted that he eats food from the commissary, acknowledged that many of these foods contain soy, but that those foods have not caused him

gastrointestinal distress (*Id*. at 11). He further stated that he specifically had issues with foods containing textured vegetable protein ("TVP"), which he claims is in many foods served by IDOC (*Id*.). Defendant Trost noted again that soy allergies are uncommon in adults, and that Plaintiff's medical history, including the removal of his gall bladder and his experience with Helicobacter pylori were the likely source of his issues.

B. <u>Report and Recommendation</u>

Based upon the parties' briefs and testimony during the hearing, Magistrate Judge Williams submitted a Report and Recommendations ("R&R"), recommending that the Court deny the Plaintiff's motion for preliminary injunction. Having been granted additional time to file objections (Doc. 55), the Plaintiff filed an objection to R&R (Doc. 57).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations and **DENIES** the Plaintiff's motion for preliminary injunction.

C. <u>Plaintiff's Objection</u>

Plaintiff's objection centers on the contention that Dr. Trost's testimony, as an interested party was "unreliable and self-serving" (Doc. 57 at 2). To counter Dr. Trost's medical testimony, the Plaintiff offers information from several books on soy allergies, noting that soy allergies are common, that 2% of adults have a food allergy, that food "intolerances" are synonymous with food "allergies," and that sensitivity to soy can manifest in a variety of ways, including sleep disorders, gastrointestinal issues, and chronic fatigue (*Id*. at 2-3). He further notes that while he did previously have Helicobacter pylori, it had been "cured," and that it is the soy which is causing his current issues (*Id*. at 4). Finally, he argues that he has not been properly tested for being allergic to soy, and that Dr. Trost is not an expert in food based allergies (*Id*. at 4-5).

D. <u>Legal Standards</u>

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997).** *Accord Winter v. Natural Res. Def. Council, Inc.,* **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right").** To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that

the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010), **citing** *Winter*, **555 U.S. at 20.** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, **612 F.3d at 546.**

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, **682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.*, **citing** *Jordan v.*

*Wolke*, 593 F.2d 772, 774 (7th Cir. 1978). *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

    E. <u>Analysis</u>

While the Court is ultimately denying this preliminary injunction, it is impressed with the amount of detail and research that the Plaintiff has done on this issue. However, while the Plaintiff has helped demonstrate that food allergies in general and soy allergies specifically are perhaps more common than might otherwise be suspected, he has in no way demonstrated that he is likely to succeed on the merits of his case. At most, he has alleged a correlation between the symptoms which he experiences and foods served by IDOC. However, correlation alone is not sufficient to demonstrate that his soy diet is causing his symptoms. *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 173 (2003) ("Correlation is not causation."). Plaintiff cannot say that his symptoms are not the result of some other medical issue, or even the treatment of an issue. Perhaps most damning to the Plaintiff's case is that Plaintiff has not been able to demonstrate that he has a soy allergy—central to his case—given that he regularly eats food items from the commissary with soy with no ill effects (Doc. 56 at 23-25).

Further, and perhaps most importantly as to the injunction, he has failed to demonstrate that he is likely to suffer from irreparable harm if he were to be denied a preliminary injunction. Plaintiff testified as to be able to adapt to menu items which he

believes causes him issues, specifically those containing TVP, and has been able to maintain weight (Doc. 56 at 15-16). Irreparable harm means that a plaintiff "is unlikely to be made whole by an award of damages or other relief at the end of the trial." *Vogel v. American Soc. of Appraisers*, **744 F.2d 598, 599 (7th Cir. 1984).** This has not been demonstrated.

### F. Conclusion

For the reasons stated above, the Court agrees with the conclusions reached by Magistrate Judge Williams. Therefore, the Court **REJECTS** Plaintiff's objections (Doc. 57), **ADOPTS** the Report and Recommendations (Doc. 55) and **DENIES** Plaintiff's motion for preliminary injunction (Doc. 7).

**IT IS SO ORDERED.**

DATED: **September 1, 2015**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court